SCOTT L. FROST, ESQ., CA Bar No. 258063
scott@frostlawfirm.com
ANDREW SEITZ, ESQ., CA Bar No. 273165
andrew@frostlawfirm.com
**FROST LAW FIRM, PC**
273 West 7th Street
San Pedro, CA 90731
Tel.: (866) FLF-MESO
Fax: (833) FLF-MESO

and

JOHN M. CARON, ESQ., CA Bar No. 130633
**THE LAW OFFICES OF WORTHINGTON & CARON, PC**
273 W. 7th Street
San Pedro, CA 90731
Tel.:(310) 221-8090
Fax: (310) 221-8095

**Attorneys for Plaintiffs**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| **GRANT COCHRAN,** *individually and as successor-in-interest to Decedent* **DEFORD COCHRAN**, **and CHARLENE COCHRAN, BRENT COCHRAN, CHRISTOPHER COCHRAN, DANIEL COCHRAN, EVAN COCHRAN, FLYNN COCHRAN,** and **HEATHER RODRIGUEZ**, *individually*,<br><br>Plaintiffs,<br>vs.<br><br>**AIR & LIQUID SYSTEMS CORPORATION** (*sued individually* | Case No. 2:21-cv-09612-MEMF-PD<br><br>**STIPULATION OF PLAINTIFFS, DEFENDANTS RAYTHEON COMPANY AND NOKIA OF AMERICA CORPORATION TO EXTEND DEADLINE TO TAKE DEPOSITIONS OF PLAINTIFFS AS DAMAGES WITNESSES AND 30(B)(6) WITNESS DEPOSITIONS OF RAYTHEON AND NOKIA**<br><br>Courtroom:   8B<br>Judge:   Hon. Maame Ewusi-Mensah Frimpong |

1  *and as successor-in-interest to*
2  BUFFALO PUMPS, INC.), et al.
3                    Defendants.
4
5                    **STIPULATION**

6   Plaintiffs GRANT COCHRAN, individually and as successor-in-interest to
7  Decedent DEFORD COCHRAN, and CHARLENE COCHRAN, BRENT COCHRAN,
8  CHRISTOPHER COCHRAN, DANIEL COCHRAN, EVAN COCHRAN, FLYNN
9  COCHRAN, and HEATHER RODRIGUEZ, individually ("Plaintiffs") and Defendants
10 RAYTHEON COMPANY ("Raytheon") and NOKIA OF AMERICA CORPORATION
11 ("Nokia"), (altogether, "Parties"), by and through their counsel of record, hereby stipulate
12 and agree to extend the deadlines for taking the depositions of Plaintiffs as damages
13 witnesses and the individual 30(b)(6) witness depositions of Raytheon and Nokia <u>only</u> by
14 45 days and the deadline to hear motions on those depositions by 45 days (but not to
15 move the current trial date) based upon the below showing of good cause. Pursuant to
16 FRCP 29(b), the parties hereby request that the Court approve of the stipulation, the
17 agreement for which among these parties has eliminated the need for any motions to
18 compel.

19   1.   On July 29, 2022, the Court entered an order setting the deadline for fact
20 discovery for February 22, 2023, the deadline for expert disclosure for March 1, 2023,
21 the deadline for expert discovery for March 29, 2023, and the deadline for motions for
22 May 18, 2023. (Dkt. # 83.)

23   2.   On January 27, 2023, Plaintiffs served a FRCP 30(b)(6) notice for a
24 deposition of a Raytheon entity but erred in naming the proper company. On February 6,
25 2023, Plaintiffs served a FRCP 30(b)(6) notice on Raytheon Company.

26   3.   Due to the short timeframe, the scope of the topics in the deposition notice,
27 the breadth of the allegations as against Raytheon, and the complexity of the equipment
28

that may be at issue, the 30(b)(6) deposition of Raytheon could not be scheduled for a mutually agreeable date of the parties prior to fact discovery cutoff.

4. Moreover, because the specific equipment to which Plaintiffs allege Mr. Cochran was exposed for which Raytheon is alleged to be responsible involves military weapons systems, it is anticipated that certain information and/or documents at issue in the Raytheon deposition may be subject to International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. § 120, *et seq.* and/or the Export Administration Regulations ("EAR"), 15 C.F.R. § 730, *et seq.* restrictions, which means additional measures, including a comprehensive protective order, must be put in place and strictly adhered to, to ensure compliance with this federal law designed to protect critical national security interests. The parties anticipate it will take at least an additional 30 days to put the protective measures required by ITAR/EAR in place. This stipulation is subject to Plaintiffs' agreement regarding the proposed protective order under ITAR/EAR.

5. Defendant Nokia made their first appearance on December 23, 2022. (Dkt. # 106.) Nokia is alleged to be the successor to Western Electric Company Inc. for the claims asserted in this action. (*Id*. at p. 2:1-6.)

6. The successor for Western Electric Company Inc. was difficult for Plaintiffs to track down. Plaintiffs initially named Nokia Networks Inc. as its successor in interest. (Dkt. #1.) That entity pointed Plaintiffs to Microsoft Mobile, Inc. f/k/a Nokia Inc. (Dkt. # 87.) That entity finally directed Plaintiffs to Defendant Nokia.

7. Nokia has yet to provide its initial disclosures.

8. Plaintiffs served notice of Nokia's FRCP 30(b)(6) deposition on January 27, 2023. Nokia contacted Plaintiffs' counsel and indicated it was unable to provide a witness on the date noticed, but agreed to meet and confer to produce their witness on a later date.

9. Defendant Raytheon noticed the depositions of Plaintiffs, who were identified as damages witnesses, for dates to occur prior to the fact discovery cutoff. Plaintiffs' counsel was unavailable on the noticed dates, and has met and conferred with defense counsel to produce the witnesses in the coming weeks.

10. This will be the first time that the discovery and motion deadlines have been continued.

11. **<u>Good cause</u>** therefore exists for an extension of the deadlines for taking the depositions of Plaintiffs and the 30(b)(6) witnesses of Raytheon and Nokia as requested because:

    a. The Parties need to complete the discovery to further evaluate the case for potential resolution purposes and prepare for the trial of this matter and, without it, they will be prejudiced;

    b. Defendant Nokia just appeared in this case in December 2022;

    c. This case requires multiple experts, who will need time to review the discovery once provided.

12. Given the foregoing, the Plaintiffs and Defendants Raytheon and Nokia hereby respectfully submit the following request for an extension of the dates by which to take the depositions of Plaintiffs as damages witnesses and 30(b)(6) witnesses of Raytheon and Nokia consistent with the Stipulation, or to such other dates as the Court may deem reasonable.

IT IS HEREBY STIPULATED by and between counsel for Plaintiffs, Raytheon, and Nokia that:

- The date by which the depositions of Plaintiffs and the 30(b)(6) witnesses of Raytheon and Nokia may occur, and by when Nokia shall make its initial disclosures, is continued to April 7, 2023;
- The last date to hear motions pertaining to the depositions of Plaintiffs and the 30(b)(6) witnesses of Raytheon and Nokia are continued to June 30, 2023.

All other dates to remain the same.

| | | |
|---|---|---|
| 1 | DATED: February 22, 2023 | FROST LAW FIRM, PC |
| 2 | | |
| 3 | | */s/ Andrew Seitz* |
| | | ANDREW SEITZ |
| 4 | | Attorneys for Plaintiff |
| 5 | | |
| 6 | DATED: February 22, 2023 | BERKES CRANE SANTANA & SPANGLER LLP |
| 7 | | |
| 8 | | */s/ K. Lynn Finateri Silbiger* |
| | | VIIU SPANGLER |
| 9 | | K. LYNN FINATERI SILBIGER |
| 10 | | Attorneys for Defendant Raytheon Company |
| 11 | | |
| 12 | DATED: February 22, 2023 | RILEY SAFER HOLMES & CANCILLA |
| 13 | | |
| 14 | | */s/ Joshua D. Lee* |
| | | JOSHUA D. LEE |
| 15 | | Attorneys for Defendant Nokia of America Corporation |

# **CERTIFICATE OF SERVICE**

I declare that I am over the age of 18, not a party to the above-entitled action, and am an employee of Frost Law Firm, PC whose business address is 273 West 7th Street, San Pedro, California 90731.

On February 22, 2023, I served the following document(s) in the following manner(s):

**STIPULATION OF PLAINTIFFS, DEFENDANTS RAYTHEON COMPANY AND NOKIA OF AMERICA CORPORATION TO EXTEND DEADLINE TO TAKE DEPOSITIONS OF PLAINTIFFS AS DAMAGES WITNESSES AND 30(B)(6) WITNESS DEPOSITIONS OF RAYTHEON AND NOKIA**

On the following:

**ALL COUNSEL OF RECORD**

☒ (By CM/ECF) By transmitting electronically via CM/ECF the document(s) listed above as set forth on the electronic service list on this date before 11:59 p.m.

☐ (By E-Service) I electronically served the document(s) via File & ServeXpress on the recipients designated on the Transaction Receipt located on the File & ServeXpress website.

☐ (By E-mail) On this date, the above-referenced documents were converted to electronic files and e-mailed to the addresses shown.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on February 22, 2023.

                                          */s/Kimberly Manalansan*
                                          An Employee of Frost Law Firm, PC